UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS M. BRIM,

    Plaintiff,

v

UNKNOWN WELTON, et al.,

    Defendant.

_____/

Case No. 1:13-cv-989

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving an Eighth Amendment claim based upon Defendants Douglas Welton's and Sherry Alexander's alleged failure to protect Plaintiff from harm while incarcerated. Defendants filed a motion for summary judgment (Dkt 51), arguing that Defendants lacked sufficient personal knowledge that Plaintiff required protection from another inmate. Alternatively, Defendant Alexander also argued that Plaintiff failed to exhaust his administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant in part and deny in part Defendants' motion (Dkt 72). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 75). To date, Defendants have not filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff objects to the Magistrate Judge's conclusion that he failed to properly exhaust his administrative remedies. Specifically, Plaintiff argues that (1) he properly identified Defendant Alexander in his Step I Grievance in accordance with grievance procedure, and (2) the Magistrate Judge erred in concluding that Defendant Alexander was not his acting Assistant Resident Unit Supervisor (ARUS) when he arrived in Unit 7 at the Bellamy Creek Correctional Facility.[1]

Plaintiff's objections lack merit. The Magistrate Judge correctly concluded that Plaintiff failed to properly exhaust administrative remedies because he did not specifically identify Defendant Alexander in his Step I Grievance. "[T]he [Prisoner Litigation Reform Act (PLRA)] exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88) (internal citations omitted).

Plaintiff appears to argue that although he did not explicitly name Defendant Alexander in his Step I Grievance, he provided sufficient details to inform prison personnel that he was filing a grievance against her (Objs., Dkt 75 at 1). However, Plaintiff has not offered any evidence to contradict the Magistrate Judge's determination that these details were insufficient to identify Defendant Alexander.

---

[1] Plaintiff also includes in his Objections to the Magistrate Judge's Report and Recommendation a challenge to an Order issued by the Magistrate Judge on the same day, which denied Plaintiff's Motion to Sanction Defendants and Plaintiff's Motion to Strike (Order, Dkt 71; Objs., Dkt 75 at 2). Plaintiff's challenge merely reiterates the arguments in his motions and fails to demonstrate that the Magistrate Judge's decision denying his motions is either "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). The arguments do not support either reversal of the Magistrate Judge's Order or rejection of the Magistrate Judge's Report and Recommendation.

Instead, Plaintiff references his Step I Grievance, in which he stated that the day after he arrived in Unit 7, he informed his ARUS that he "could not be around some prisoners" (*id.* at 1). Plaintiff claims this adequately identifies Defendant Alexander because he maintains that she was his ARUS at that time. However, according to Plaintiff's own affidavit, this discussion with his ARUS took place on or about November 29, 2012 (Pl. Aff., Dkt 56-13). As the Magistrate Judge noted, Defendant Alexander concluded her role as the Unit 7 ARUS on November 24, 2012 (R&R, Dkt 72 at 9). Plaintiff's argument undermines his position, and he has failed to provide any reason why this Court ought to reject the Magistrate Judge's recommendation. Therefore, Plaintiff's objections are denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 75) are DENIED and the Report and Recommendation (Dkt 72) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 51) is GRANTED IN PART and DENIED IN PART, for the reasons stated in the Report and Recommendation. Specifically, Plaintiff's claims against Defendant Alexander are DISMISSED without prejudice for failure to exhaust administrative remedies, and Plaintiff's claims against Defendant Welton go forward.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: February 12 , 2015        /s/ Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge