UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS BRIM,

    Plaintiff,                         Hon. Janet T. Neff

v.                                               Case No. 1:13-CV-989

DOUGLAS WELTON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order. (Dkt. #98). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics*

*Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff asserts that on an unspecified date he was assaulted by other prisoners after which he was placed in protective custody. Plaintiff further asserts that he is scheduled to be removed from protective custody and returned to the general prison population. Plaintiff requests that the Court issue an Order requiring that he be housed in protective custody. The Court does not take lightly Plaintiff's concern. Nevertheless, Plaintiff has failed to present evidence supporting his belief or suggesting that he will be in any danger if returned to the general prison population. Plaintiff has presented no evidence that he has received any threats of bodily harm or physical attack. *See Bagetta v. Caruso*, 2008 WL 723549 at *3 (W.D. Mich., Mar. 12, 2008) (where prisoner sought injunctive relief to prevent assault by other prisoners, denial of such is appropriate because prisoner "d[id] not allege one specific threat that they have received from another prisoner"). Plaintiff's speculation is not a sufficient basis for the Court to interfere in the day-to-day operation of a corrections facility. *See Bagetta*, 2008 WL 723549 at *2 ("when a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting"). Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order, (dkt. #98), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  November 10, 2015                              /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge