UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS M. BRIM,

    Plaintiff,                               Case No. 1:13-cv-989

v                                                         HON. JANET T. NEFF

UNKNOWN WELTON et al.,

    Defendants.
_____/

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter is presently before the Court on Defendant Welton's objection (Dkt 148) to the Magistrate Judge's March 15, 2016 Report and Recommendation (R&R, Dkt 141), recommending that his July 10, 2015 motion for summary judgment (Dkt 112) be denied. Plaintiff filed a response to the objection (Dkt 150). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

    Plaintiff initiated this case on September 9, 2013. He did not articulate the nature of his claims, but the Court interpreted his allegations as asserting an Eighth Amendment claim based upon Defendants' alleged failure to protect him from harm when he was an inmate at Bellamy Creek Correctional Facility (IBC) in 2012. The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

After his first motion for summary judgment was unsuccessful (Op. & Order, Dkt 76), Defendant Welton filed a second motion for summary judgment of Plaintiff's failure-to-protect claim against him (Dkt 112). In support of his second motion for summary judgment, Defendant attached an updated affidavit, which contained two new assertions. The second motion, like the first, was referred to the Magistrate Judge for a report and recommendation. The Magistrate Judge found that neither assertion advanced Defendant's cause and concluded that Defendant failed to establish the absence of a genuine issue of material fact regarding Plaintiff's failure-to-protect claim inasmuch as "the evidence indicates that there exist genuine disputes regarding whether Defendant was aware that Plaintiff's safety was threatened and whether Defendant acted reasonably in response thereto" (3/15/16 R&R, Dkt 141 at PageID.979). Further, the Magistrate Judge rejected Defendant's renewed request for qualified immunity "as no reasonable officer could have believed that if he acted in the manner which the evidence indicates, when interpreted in Plaintiff's favor, that such was lawful" (*id.*).

In his objection to the Report and Recommendation, Defendant challenges the Magistrate Judge's qualified immunity analysis. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Defendant argues that the Magistrate Judge failed to "identify any controlling authority explaining how the right was clearly established" (Pl. Obj., Dkt 148 at PageID.994).

Defendant's objection lacks merit.

In recommending that Defendant's first request for qualified immunity be rejected, the Magistrate Judge held that "Defendants' request for qualified immunity must be rejected because no reasonable officer could have believed that if he acted in the manner which the evidence indicates, when interpreted in Plaintiff's favor, that such was lawful. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Greene*, 361 F.3d at 294" (9/16/14 R&R, Dkt 72 at PageID.520). In *Greene,* the Sixth Circuit described the contours of the right, as set forth in *Farmer*, 511 U.S. at 833 (collecting cases in support of proposition that lower courts have "uniformly" held that the Eighth Amendment includes a duty to protect prisoners from violence). Specifically, as delineated by the Magistrate Judge,

> [t]o prevail on his claim that Defendants failed to protect him, Plaintiff must establish that Defendants were deliberately indifferent to "a substantial risk of serious harm" to Plaintiff. *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendants acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

(9/16/14 R&R, Dkt 72 at PageID.518).

In recommending that Defendant's renewed request for qualified immunity likewise be rejected, the Magistrate Judge incorporated her previous analysis of the issue (3/15/16 R&R, Dkt 141 at PageID.978) and reiterated her conclusion that "no reasonable officer could have believed that if he acted in the manner which the evidence indicates, when interpreted in Plaintiff's favor, that such was lawful" (*id.* at PageID.979). Accordingly, Defendant's argument does not reveal any legal error by the Magistrate Judge or compel a different result. Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 148) is DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 141) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Welton's Motion for Summary Judgment (Dkt 112) is DENIED for the reasons stated in the Report and Recommendation.

Dated: July 15, 2016         /s/ Janet T. Neff
                            JANET T. NEFF
                            United States District Judge